[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Sehlmeyer*, Slip Opinion No. 2021-Ohio-666.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-666

THE STATE EX REL. MCDOUGALD *v.* SEHLMEYER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Sehlmeyer*, Slip Opinion No. 2021-Ohio-666.]**

*Mandamus—Public Records Act—A public office has no duty to permit the inspection of a public record when the inspection would endanger the safety of the records or unreasonably interfere with the discharge of the duties of the officer having custody of the same—Writ denied.*

(No. 2020-0349—Submitted January 12, 2021—Decided March 10, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Jerone McDougald, an inmate at the Toledo Correctional Institution ("TCI"), seeks a writ of mandamus to compel respondent, Sonrisa Sehlmeyer, the public-records custodian at TCI, to make available for inspection a video of a use-of-force incident. Because Sehlmeyer has presented evidence

supporting her claim that allowing McDougald to inspect the video would create undue security risks, we deny the writ.

**Background**

{¶ 2} On January 22, 2020, McDougald sent a public-records request to Sehlmeyer asking to inspect video-surveillance footage of a use-of-force incident involving him that had occurred ten days earlier. Sehlmeyer responded to McDougald in writing on January 28, 2020, telling him that the video was available but that TCI "does not allow offenders to have possession of" a compact disc ("CD") "as stated in ORC. 2921.36(E)." That statute makes it a crime to knowingly convey a cellular telephone, two-way radio, or other electronic-communications device to a prison inmate; it does not mention videos or CDs. McDougald responded to Sehlmeyer several days later, informing her that he had asked to inspect the video, not to obtain a copy of it. McDougald alleges that he did not receive any further response from Sehlmeyer regarding his request.

{¶ 3} McDougald filed this original action asking this court to compel Sehlmeyer to allow him to inspect the video. We issued an alternative writ and ordered the parties to submit evidence and file briefs in accordance with S.Ct.Prac.R. 12.05. 158 Ohio St.3d 1526, 2020-Ohio-3016, 145 N.E.3d 322.

{¶ 4} Sehlmeyer submitted evidence showing that McDougald has an extensive history of committing rule infractions at TCI, including threatening bodily harm to correctional officers, spitting at correctional officers, and throwing urine toward prison staff. In an affidavit, Sehlmeyer states that the Department of Rehabilitation and Correction ("DRC") informed McDougald "that he would not be permitted to inspect the requested records due to his lengthy history of destructive violence and [because he is a] high security risk." She further stated that "[d]ue to Inmate McDougald's history of rule violations and high security classification, extensive measures would need to be taken to permit him to inspect records, and it is believed that he poses a serious risk of destroying those records."

## Analysis

### *Evidentiary motion*

{¶ 5} When we granted an alternative writ in this case, we ordered the parties to file any evidence they intended to present by June 16, 2020. 158 Ohio St.3d 1526, 2020-Ohio-3016, 145 N.E.3d. 322. Although McDougald did not separately file evidence by the deadline, he had attached to his complaint an affidavit and a copy of his public-records request. He filed a motion on June 24, 2020, asking the court to consider those documents as evidence. He contends that the COVID-19 pandemic caused mail-processing delays within the prison, preventing him from separately filing evidence by the deadline. Sehlmeyer opposes the motion, arguing in her merit brief that McDougald has "failed to file any evidence in support of his complaint as instructed by the Court."

{¶ 6} S.Ct.Prac.R. 12.06 provides that "evidence shall be submitted by affidavits, stipulations, depositions, and exhibits. * * * Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached." The affidavit McDougald filed with his complaint qualifies as evidence under this rule. Sehlmeyer offers no support for her claim that McDougald had to refile the affidavit after we granted the alternative writ for it to be considered as evidence.

{¶ 7} It is less clear whether the public-records request that McDougald attached to the complaint was properly submitted as evidence, because McDougald did not authenticate that document in his affidavit. But there is no real dispute about the substance of the public-records request. In fact, Sehlmeyer herself identified the document in her answer, and she referred to the request in her own affidavit. Under these circumstances, we grant McDougald's motion and consider as evidence all the documents attached to his complaint.

### *The public-records claim*

{¶ 8} R.C. 149.43(B)(1) requires a public office, upon request, to make a public record available for inspection. A person who is denied access to a public

record may seek to compel its production through a mandamus action. R.C. 149.43(C)(1)(b). To prevail on such a claim, the requester must establish by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24; *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 19.

{¶ 9} A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). There is no question that the video McDougald has asked to inspect is a public record. *See* R.C. 149.011(G); *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6-7. In fact, Sehlmeyer concedes that DRC usually allows inmates to review video footage.

{¶ 10} Sehlmeyer nevertheless asks us to deny mandamus relief in this case because allowing McDougald to inspect the video would pose too great a risk to the order and safety of the prison.[1] She relies on *State ex rel. Patterson v. Ayers*, 171 Ohio St. 369, 171 N.E.2d 508 (1960), in which we adopted the rule that a public office has no duty to permit the inspection of a public record when the inspection would "endanger the safety of the records or unreasonably interfere with the discharge of the duties of the officer having custody of the same." *Id*. at paragraph one of the syllabus. She also cites *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which recognized, in the context of a constitutional challenge to the conditions of confinement, that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that

---

1. Sehlmeyer initially told McDougald that she was denying his request under R.C. 2921.36(E), which prohibits the conveyance of a communications device to a prison inmate. That statute does not support Sehlmeyer's decision, and she does not rely on it in this case. Under R.C. 149.43(B)(3), however, Sehlmeyer may "rely * * * upon additional reasons or legal authority in defending" this mandamus action.

in their judgment are needed to preserve internal order and discipline and to maintain institutional security."

**{¶ 11}** Sehlmeyer's argument is consistent with a recent case in which we permitted her to deny another request by McDougald to inspect a public record because "doing so would create security issues, unreasonably interfere with the [prison] officials' discharge of their duties, and violate prison rules." *State ex rel. McDougald v. Sehlmeyer*, __ Ohio St.3d __, 2020-Ohio-3927, __ N.E.3d __, ¶ 14. In applying the security-risk exception, we have noted that " 'prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security.' " (Ellipsis added in *Dehler*.) *State ex rel. Dehler v. Mohr*, 129 Ohio St.3d 37, 2011-Ohio-959, 950 N.E.2d 156, ¶ 2, quoting *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 02AP-1109, 2003-Ohio-3533, ¶ 16.

**{¶ 12}** Sehlmeyer states that in evaluating McDougald's request, she considered his security classification, housing assignment, and the many rule infractions he had committed. She submitted evidence showing that from January 2019 to June 2020, McDougald was cited at least 16 times for rule infractions, including having threatened bodily harm to correctional officers and throwing or expelling bodily fluids toward prison staff. She argues that allowing McDougald to inspect the video "would require multiple correctional officers to oversee the process, and this still could not guarantee the safety of the records." McDougald, for his part, does not dispute his significant history of infractions, but he argues that it is irrelevant because any misconduct was unrelated to the inspection of public records.

**{¶ 13}** Sehlmeyer's claim that McDougald could destroy the video while inspecting it is questionable: Although it is not hard to imagine ways that he could destroy original paper records, he would not need to have physical contact with any electronic equipment or the video recording itself to be able to watch it. But Sehlmeyer has shown that allowing McDougald to inspect the video would be

disruptive and create security risks within the prison. We therefore hold that Sehlmeyer does not have a clear legal duty to allow McDougald to inspect the video.

{¶ 14} McDougald's requests for statutory damages and court costs are denied.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Jerone McDougald, pro se.

Dave Yost, Ohio Attorney General, and Lori H. Duckworth, Assistant Attorney General, for respondent.

_____