[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mather v. Oda*, Slip Opinion No. 2023-Ohio-3907.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3907

THE STATE EX REL. MATHER ET AL. *v.* ODA, JUDGE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mather v. Oda*, Slip Opinion No. 2023-Ohio-3907.]

*Prohibition—Writ sought to prevent trial court from proceeding on request for attorney fees after limited remand from court of appeals—Trial court lost jurisdiction after entering final judgment, and court of appeals' mandate did not give trial court jurisdiction to entertain request for attorney fees that accrued after final judgment—Writ granted.*

(No. 2022-1242—Submitted August 22, 2023—Decided October 31, 2023.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} At issue in this original action is whether a trial court has jurisdiction to proceed on a request for attorney fees after a limited remand from a court of appeals. We conclude that the trial court lost jurisdiction after entering final judgment and that

the court of appeals' mandate did not give the trial court jurisdiction to entertain a request for attorney fees that accrued after the final judgment. Accordingly, we grant a writ of prohibition.

{¶ 2} Also pending are a motion for judgment on the pleadings, a motion to strike that motion and for sanctions, and a motion to strike the evidence jointly filed by respondents and the intervening respondents. We deny the motion to strike the motion for judgment on the pleadings and for sanctions, deny the motion for judgment on the pleadings, and grant in part and deny in part the motion to strike the jointly filed evidence.

## I. BACKGROUND

{¶ 3} The relators in this case are Peter Mather and two entities named Assured Administration, L.L.C. (collectively, "Mather"). The first Assured ("Assured Ohio"), an Ohio entity, was the developer of a residential subdivision in Warren County. Peter Mather is Assured Ohio's manager. In 2017, Assured Ohio and Peter Mather filed a lawsuit in the Warren County Court of Common Pleas, alleging that several homeowners in the subdivision had improperly interfered with Assured Ohio's attempt to sell a lot in the subdivision. Thomas Young, Steve Yeoman, Marc Davis, Bethany Sarchet, and The Greens of Kings Meadows Home Owners Association (collectively, the "homeowners") filed counterclaims against Assured Ohio, Peter Mather, and the other Assured, a South Carolina entity, asserting a right to a declaratory judgment holding that Assured Ohio did not have sole discretion to sell the lot and a right to attorney fees. The court granted summary judgment for the homeowners and found that they were entitled to attorney-fee awards.

{¶ 4} In its final judgment, the trial court awarded the homeowners more than $235,000 for attorney fees and other litigation expenses. Mather appealed to the Twelfth District Court of Appeals. In their merit brief, the homeowners asked the court of appeals to affirm the judgment and remand the action to the trial court for

the assessment of additional attorney fees and litigation expenses incurred in the appellate process. The court of appeals affirmed but "remanded to the trial court for the limited purpose of issuing a nunc pro tunc order to reflect that [Peter Mather] is a party to this action and therefore liable for payment of the attorney fees awarded." The trial court entered a nunc pro tunc order in August 2021. Mather paid the judgment in January 2022.

{¶ 5} In April 2022, the homeowners filed a motion in the trial court seeking more than $167,000 in additional attorney fees and expenses incurred in attempting to collect on the judgment and in defending the judgment on appeal. The matter was referred to Magistrate Carrie A. Heisele. In October 2022, Mather filed this original action against respondents, Magistrate Heisele and Judge Donald E. Oda II (collectively, "the common pleas court"), seeking a writ of prohibition and alleging that the common pleas court patently and unambiguously lacks jurisdiction to conduct further proceedings in the underlying case.

{¶ 6} The common pleas court filed a motion to dismiss, which this court denied. 168 Ohio St.3d 1454, 2022-Ohio-4078, 198 N.E.3d 109. After the common pleas court filed an answer to Mather's complaint, this court granted an alternative writ and set a schedule for the presentation of evidence and the filing of briefs. 169 Ohio St.3d 1439, 2023-Ohio-482, 203 N.E.3d 726. This court simultaneously granted the homeowners' motion to intervene as respondents in this action. *Id.*

{¶ 7} The same day this court granted the alternative writ and allowed the homeowners to intervene, the homeowners filed a motion for judgment on the pleadings. Mather moved to strike the homeowners' motion and for the imposition of sanctions. Mather also has moved to strike the evidence jointly filed by the common pleas court and the homeowners.

## II. ANALYSIS

### A. Motions

#### *1. Motion for judgment on the pleadings and related motion to strike*

{¶ 8} Mather has filed a motion to strike the homeowners' motion for judgment on the pleadings, arguing that the homeowners filed their motion without authority. S.Ct.Prac.R. 12.04(B)(1) permits a respondent to file a motion for judgment on the pleadings "at the same time an answer is filed." As intervening respondents, the homeowners' answer was deemed filed when we granted their motion to intervene. Because the homeowners' motion for judgment on the pleadings was filed the same day we granted their motion to intervene, the homeowners' motion for judgment on the pleadings did not contravene S.Ct.Prac.R. 12.04(B)(1).

{¶ 9} Mather also argues that we should strike the homeowners' motion for judgment on the pleadings because it is "contrary to" S.Ct.Prac.R. 12.05. But S.Ct.Prac.R. 12.05 does not address the filing of a motion for judgment on the pleadings. We deny Mather's motion to strike and request for sanctions because no rule prohibited the homeowners from filing their motion for judgment on the pleadings.

{¶ 10} But in denying the common pleas court's motion to dismiss and granting an alternative writ, we determined that Mather's prohibition claim may have merit. *See State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8. We deny the homeowners' motion for judgment on the pleadings for the same reason we denied the common pleas court's motion to dismiss. *See State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 12 (recognizing that the standards for motions under Civ.R. 12(B)(6) and Civ.R. 12(C) are similar).

#### *2. Motion to strike evidence*

{¶ 11} The common pleas court and the homeowners jointly filed evidence consisting of nine documents filed in the underlying litigation. The documents they

filed were not authenticated by affidavit, but the common pleas court and the homeowners ask us to take judicial notice of them based on their availability through online court dockets. Mather asks us to strike the evidence based on a lack of authentication. The determination of a motion to strike evidence is within our broad discretion. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 14.

{¶ 12} We deny Mather's motion to strike with regard to exhibit Nos. 1 through 5 of the evidentiary submission because the homeowners authenticated those documents by affidavit when they filed their motion to intervene. *See State ex rel. McDougald v. Sehlmeyer*, 164 Ohio St.3d 133, 2021-Ohio-666, 172 N.E.3d 126, ¶ 5-6 (a party need not refile evidence that was properly authenticated in an earlier filing). We deny Mather's motion to strike with regard to exhibit Nos. 8 and 9 because Mather submitted those documents as part of his own evidentiary submission. *See State ex rel. Maxwell v. Brice*, 167 Ohio St.3d 137, 2021-Ohio-4333, 189 N.E.3d 771, ¶ 14 (declining to strike evidence that was properly submitted by other means).

{¶ 13} That leaves only two documents—exhibit Nos. 6 and 7—for our consideration. In seeking to have these exhibits stricken, Mather relies on S.Ct.Prac.R. 12.06(A), which provides that any evidence not submitted through an agreed statement of facts "shall be submitted by affidavits, stipulations, depositions, and exhibits." Evidence submitted under this rule "should comport with the Rules of Evidence." *State ex rel. Brenders v. Hall*, 71 Ohio St.3d 632, 637, 646 N.E.2d 822 (1995), fn. 1. We have explained that "failure to abide by [S.Ct.Prac.R. 12.06(A)] will result in the exclusion of the proffered exhibits." *Maxwell* at ¶ 13.

{¶ 14} We decline to take judicial notice of exhibit Nos. 6 and 7. Evid.R. 201(A) permits a court to take judicial notice only of "adjudicative facts; i.e., the facts of the case." It may be appropriate in certain cases for a court to take judicial notice of something filed in another case. *See State ex rel. Everhart v. McIntosh*,

115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10 (taking judicial notice of the dismissal of a case). But here, the common pleas court and the homeowners do not ask us merely to take notice of a fact (e.g., that certain documents were filed); they ask us to accept the documents themselves as evidence. The admission of documents into evidence is outside the scope of Evid.R. 201. *See Natl. Distillers & Chem. Corp. v. Limbach*, 71 Ohio St.3d 214, 215-216, 643 N.E.2d 101 (1994); *Shaut v. Roberts*, 2022-Ohio-817, 186 N.E.3d 302, ¶ 19 (8th Dist.). Accordingly, we grant Mather's motion to strike with regard to exhibit Nos. 6 and 7 of the evidence jointly filed by the common pleas court and the homeowners.

### B. Prohibition claim

{¶ 15} To be entitled to a writ of prohibition, a relator ordinarily must establish that the respondent is about to exercise judicial power without authority and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. But if the respondent patently and unambiguously lacks jurisdiction to proceed, the relator need not prove the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. Here, the common pleas court concedes that it intends to exercise judicial power, and Mather does not argue that he lacks an adequate remedy in the ordinary course of the law. The only issue before us, therefore, is whether Mather has shown that the common pleas court patently and unambiguously lacks jurisdiction to proceed.

{¶ 16} Mather argues that the common pleas court lacks jurisdiction for two reasons. He says that the court of appeals' mandate did not give the common pleas court jurisdiction to adjudicate a new attorney-fee request. And he says that the common pleas court lacks jurisdiction because he paid the final judgment.

{¶ 17} When Mather appealed the final judgment in the underlying case, the common pleas court lost jurisdiction to take further action, except to aid in Mather's

appeal. *See State ex rel. Special Prosecutors v. Judges*, *Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). The common pleas court and the homeowners argue that Mather's appeal did not divest the common pleas court of jurisdiction to consider whether the homeowners are entitled to attorney fees incurred in attempting to collect on the judgment and in defending the judgment on appeal, because that issue is "collateral" or "ancillary" to the parties' claims. They suggest that deciding whether the homeowners are entitled to attorney fees that accrued after the final judgment is "not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment," *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15, 661 N.E.2d 170 (1996).

{¶ 18} This argument fails to appreciate both the procedural history of the underlying case and the nature of the attorney fees at issue. Mather appealed a final judgment disposing of all pending claims in the underlying case, including the homeowners' claims for attorney fees. When Mather appealed, there were no claims left for the common pleas court to decide, and the homeowners had not yet incurred the attorney fees now at issue. The common pleas court and the homeowners do not explain how the common pleas court could dispose of all pending claims yet *retain* jurisdiction over a claim that had not yet accrued.

{¶ 19} Nor have the common pleas court and the homeowners shown that the common pleas court *regained* jurisdiction to award attorney fees that accrued after the final judgment. The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The doctrine ensures consistent results in a case and "avoid[s] endless litigation by settling issues." *Id.* It also "preserve[s] the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* "[T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts." *Id.* The homeowners argue that a lower court may

award appellate attorney fees following a remand from a superior court so long as the superior court's mandate does not "specifically prohibi[t]" the lower court from doing so. But they have it backwards. When a case has been appealed, the lower court regains jurisdiction only on remand from a superior court, *Special Prosecutors* at 97, and on remand, the lower court may not "extend or vary the mandate given," *Nolan* at 4.

{¶ 20} Here, the court of appeals affirmed the trial court's judgment and remanded the case "for the limited purpose of issuing a nunc pro tunc order." A nunc pro tunc order merely corrects the record to "reflec[t] what the court actually decided." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995). The court of appeals' mandate, therefore, did not authorize the common pleas court to do anything new, let alone to entertain a new claim for attorney fees.

{¶ 21} The common pleas court argues that its continued exercising of jurisdiction is supported by our holdings in *Cruz v. English Nanny & Governess School*, 169 Ohio St.3d 716, 2022-Ohio-3586, 207 N.E.3d 742, and *Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329, 888 N.E.2d 404. In *Cruz*, we held that a prevailing party who was awarded reasonable attorney fees along with an award of punitive damages may recover attorney fees incurred in defending a judgment. *Id.* at ¶ 38. And in *Klein*, we held that a trial court may have authority under a statute to tax as costs attorney fees incurred at the appellate level. *Id.* at ¶ 13. But even if a trial court generally has jurisdiction over a type of matter, "its decision to exercise jurisdiction in a particular instance can be contested in a prohibition action when the lack of jurisdiction in that instance is patent and unambiguous." *State ex rel. Huntington Natl. Bank v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 20. Although *Cruz* and *Klein* support general propositions of law regarding a trial court's authority to award appellate attorney fees in certain circumstances, they do not establish jurisdiction under the facts of this case or override the rule that a lower court may not "extend or vary the mandate given" by a superior court, *Nolan*

at 4. The court of appeals' mandate gave the common pleas court limited jurisdiction to enter a nunc pro tunc order; it did not establish jurisdiction for the common pleas court to conduct further proceedings.

{¶ 22} As a final matter, the common pleas court and the homeowners cite *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 9th Dist. Summit No. 30303, 2023-Ohio-1079, ¶ 7, 19, in which the Ninth District Court of Appeals held that a request for appellate attorney fees was an "open issue" a trial court could consider, even when a mandate from this court required only that the trial court issue a final judgment granting a certain amount of attorney fees. *Phoenix* is currently on appeal to this court. *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 170 Ohio St.3d 1512, 2023-Ohio-2600, 214 N.E.3d 575.

{¶ 23} *Phoenix* does not affect the outcome of this case. As discussed, the mandate at issue here unambiguously remanded the case only for the common pleas court to carry out a limited, ministerial task. It did not give the common pleas court jurisdiction to conduct any further proceedings. Because a lower court patently and unambiguously lacks jurisdiction to disobey a superior court's mandate, *see Special Prosecutors*, 55 Ohio St.2d at 97-98, 378 N.E.2d 162, we grant a writ of prohibition. *See State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 182, 652 N.E.2d 742 (1995) ("a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court").

{¶ 24} We need not address the alternative argument that the common pleas court patently and unambiguously lacks jurisdiction because Mather paid the amount due under the judgment.

### III. CONCLUSION

{¶ 25} We deny Mather's motion to strike the homeowners' motion for judgment on the pleadings and for sanctions, and we deny the homeowners' motion for judgment on the pleadings. We deny Mather's motion to strike the evidence jointly filed by the common pleas court and the homeowners with regard to exhibit

Nos. 1 through 5, 8, and 9 and grant Mather's motion to strike with regard to exhibit Nos. 6 and 7. We grant a writ of prohibition.

Writ granted.

FISCHER, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

KENNEDY, C.J., concurs in part and concurs in judgment in part, with an opinion joined by DEWINE, J.

_____

**KENNEDY, C.J., concurring in part and concurring in judgment in part.**

{¶ 26} I concur in the majority's judgment granting a writ of prohibition. Further, I agree with the majority's decision to deny the motion to strike the motion for judgment on the pleadings and for sanctions, its decision to deny the motion for judgment on the pleadings, and its decision to grant in part and deny in part the motion to strike the jointly filed evidence.

{¶ 27} I part ways with the majority regarding its discussion of *Cruz v. English Nanny & Governess School*, 169 Ohio St.3d 716, 2022-Ohio-3586, 207 N.E.3d 742. The majority claims that *Cruz* did not "override the rule that a lower court may not 'extend or vary the mandate given' by a superior court." Majority opinion, ¶ 21, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 4, 462 N.E.2d 410 (1984). But *Cruz* did, in fact, override that rule.

{¶ 28} In *Cruz*, there was no directive in the appellate court's mandate for the trial court to reopen the judgment to consider a new motion for appellate attorney fees or to determine appellate attorney fees. *Id.* at ¶ 68 (Kennedy, J., dissenting). "Instead, the mandate from the Eighth District was for the trial court to *reconsider* the award of attorney fees it had *already made*. [*Cruz v. English Nanny & Governess School Inc.*, 2017-Ohio-4176, 92 N.E.3d 143, ¶ 126 (8th Dist.)] ('on remand, the trial court is ordered to * * * reconsider plaintiff's motion for attorney fees')." (Emphasis sic.) *Cruz* at ¶ 67 (Kennedy, J., dissenting).

{¶ 29} "Appellate courts tell trial courts what the law is and what the trial court *must* do on remand." (Emphasis sic.) *Id.* at ¶ 88 (Kennedy, J., dissenting). *Cruz* essentially held that on remand, a trial court may reopen a judgment and do anything the appellate court does not prohibit the trial court from doing. But "[a]ppellate courts do not list for the parties what they *may not* do on remand. Such an admonition could be limitless and therefore impossible to achieve, reaching beyond mere review of what occurred below and thereby blurring the line between neutral and detached judicial review and advocacy." (Emphasis sic.) *Id.*

{¶ 30} In *Cruz*, the trial court, on remand from the Eighth District, entertained the plaintiffs' *new* request for appellate-attorney fees. 169 Ohio St.3d 716, 2022-Ohio-3586, 207 N.E.3d 742, at ¶ 15-16. The trial court thereby disregarded the appellate court's mandate. Worse, on review, this court did too by upholding the trial court's judgment.

{¶ 31} Therefore, with respect to the granting of the writ of prohibition in this case, I concur in the judgment. I concur fully in the remainder of the majority opinion.

DeWINE, J., concurs in the foregoing opinion.

—————————

The Law Firm of Curt C. Hartman, and Curt C. Hartman; and George M. Parker, for relators Peter Mather and Assured Administration, L.L.C, an Ohio limited-liability company.

Eberly McMahon Copetas, L.L.C., and David A. Eberly, for relator Assured Administration, L.L.C, a South Carolina limited-liability company.

David D. Hayes, Greene County Prosecuting Attorney, and Megan A. Hammond, Assistant Prosecuting Attorney, for respondents.

Helmer, Martins, Rice & Popham, Co., L.P.A., and Paul B. Martins, for intervening respondent Steve Yeoman.

Patsfall, Yeager & Pflum, L.L.C., and Joseph Pflum, for intervening

respondent Thomas Young.

Bruns, Connell, Vollmar & Armstrong, L.L.C., Thomas B. Bruns, and Lucinda Shirooni, for intervening respondent Bethany Sarchet.

Cooper & Elliott, L.L.C., and Jeffrey T. Kenney, for intervening respondent The Greens of Kings Meadows Home Owners Association.

Garvey Shearer Nordstrom, P.S.C., John J. Garvey III, and Jason Abeln, for intervening respondent Marc Davis.

_____