[Cite as *Miles v. Cleveland Clinic Health Sys.-E. Region*, 2026-Ohio-190.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**


ROBYN D. MILES, ADMINISTRATOR,
ET AL., :

      Plaintiffs-Appellants, :

                                  No. 115648

      v. :

CLEVELAND CLINIC HEALTH
SYSTEM-EAST REGION, ET AL., :

      Defendants-Appellees. :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 22, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-912724

---

***Appearances:***

The Mellino Law Firm, LLC, Christopher M. Mellino and
Calder C. Mellino, *for appellant.*

Reminger Co., L.P.A., Erin Siebenhar Hess and Brianna
M. Prislipsky, *for appellee* Michelle F. Wallen, D.O.


EILEEN A. GALLAGHER, J.:

{¶ 1} Robyn D. Miles ("Miles"), individually and as administrator of the

estate of Sydney Mariah Perryman ("Perryman"), appeals the trial court's order

granting Dr. Michelle F. Wallen's ("Dr. Wallen") motion to compel payment of expert witness deposition fees. For the following reasons, we affirm the trial court's judgment and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} In November 2015, 17-year-old Perryman died at the Cleveland Clinic South Pointe Hospital Emergency Department. Miles, who is Perryman's mother, filed a complaint against various Cleveland Clinic entities and health care providers, including Dr. Wallen, alleging wrongful death, medical negligence and loss of consortium. This appeal concerns only the proceedings involving Dr. Wallen.

{¶ 3} On March 11, 2022, the trial court granted Dr. Wallen's motion for summary judgment and denied Miles' motion to substitute expert witness. Miles appealed and, on July 27, 2023, this court reversed the judgments and remanded the case to the trial court for further proceedings. *See Miles v. Cleveland Clinic Health Sys.-E. Region*, 2023-Ohio-2582 (8th Dist.) ("*Miles I*").

{¶ 4} On June 17, 2024, Dr. Wallen disclosed to Miles, and filed with the court, a list of her expert witnesses, including those witnesses' expert reports and fee schedules. On November 18, 2024, Miles' attorneys took the deposition of Dr. Hilat Pinar ("Dr. Pinar"), whom Dr. Wallen had retained as an expert witness. According to Dr. Pinar's fee schedule, his deposition fee for 2024-2025 was as follows: "Depositions (in person or video): A set fee of $3,500.00 for a maximum of 3.5 hrs. then $1,000.00/hr. each subsequent hour."

{¶ 5} This case proceeded to a jury trial and, on December 19, 2024, the jury returned a verdict in favor of the Cleveland Clinic Foundation and Dr. Wallen. Miles filed a notice of appeal on January 20, 2025. *See Miles v. Cleveland Clinic Health Sys.-E. Region*, 2025-Ohio-5628 (8th Dist.) ("*Miles II*"). On July 24, 2025, this court sua sponte dismissed *Miles II* for lack of a final appealable order because claims against the remaining defendants were still pending. Miles filed stipulations of dismissal with prejudice pursuant to Civ.R. 41(A)(1)(b) on July 30, 2025 and August 4, 2025, relating to the remaining defendants.

{¶ 6} On August 12, 2025, Dr. Wallen filed a motion to compel payment of Dr. Pinar's expert witness deposition fee, alleging that Miles paid only $500 of the $3,500 fee. On August 25, 2025, this court reinstated the appeal in *Miles II*. On September 30, 2025, the trial court granted Dr. Wallen's motion to compel payment of Dr. Pinar's deposition fee. The next day, October 1, 2025, Miles appealed, resulting in the current appeal. On December 18, 2025 this court affirmed the jury verdict in favor of Dr. Wallen in *Miles II*.

{¶ 7} In this appeal, Miles raises three assignments of error for our review.

I.     The trial court's ruling on defendant-appellant's motion to compel is void ab initio and barred by the doctrine of res judicata because the court had already entered a final judgment and therefore lacked subject-matter jurisdiction.

II.    The trial court abused its discretion by granting defendant Michelle F. Wallen, D.O.'s motion to compel payment of expert deposition fee where the moving party failed to establish that the amount requested was A) reasonable under Civ.R. 26(B)(7)(c); B) limited to the time spent in deposition; and C) represented the actual fee charged by the expert.

III. The trial court abused its discretion by compelling plaintiff-appellant to pay an excessive, disproportionate, and unsupported expert deposition fee of $3,500 for a one-hour remote deposition, contrary to the principles of proportionality and fairness required by Civ.R. 26(B)(1) and (7).

## II. Law and Analysis

### A. Subject-matter Jurisdiction to Rule on Motion After Final Judgment

{¶ 8} Generally, a trial court loses jurisdiction over a case after entering final judgment. *See State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 1; *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 20 ("A trial court's jurisdiction over a matter is limited once proceedings are complete."). A dismissal with prejudice operates as an adjudication on the merits and is a final judgment. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 69 (1990).

{¶ 9} However, in *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654, ¶ 6 (8th Dist.), this court held that "[w]hile a Civ.R. 41(A)(1) voluntary dismissal generally divests a court of jurisdiction, a court may still consider collateral issues not related to the merits of the action." *See also Jefferson Capital Sys. v. Gibson*, 2019-Ohio-4793, ¶ 19 (8th Dist.) (A "Civ.R. 41 dismissal does not divest a trial court of jurisdiction to entertain collateral issues, such as the imposition of sanctions."); R.C. 2323.51(B)(1) ("[A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection

with the civil action or appeal."); *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 25 ("[W]hen a case is dismissed, the trial court is not divested of jurisdiction to hear a claim for attorney fees . . . .").

{¶ 10} As shown, "collateral issues not related to the merits of the action" include things such as sanctions, attorney fees, court costs and reasonable expenses. Ohio law has long held that "[d]eposition costs are expenses of litigation to be borne by the parties taking those depositions . . . ." *Barrett v. Singer Co.*, 60 Ohio St.2d 7, 11 (1979). Also, as shown, these collateral issues — including payment of expert witness fees and deposition costs — may be entertained by courts after dismissal of an action. Therefore, the trial court had jurisdiction to rule on the issue of expert witness fees after the jury verdict concerning some of the defendants and Miles' dismissal of the remaining defendants. Accordingly, Miles' first assignment of error is overruled.

### B. Motion to Compel Payment of Expert Witness Deposition Fee

{¶ 11} In Miles' second and third assignments of error, she challenges the reasonableness of Dr. Pinar's $3,500 deposition fee under Civ.R. 26(B)(7). These two assignments of error essentially argue the same thing and will, therefore, be addressed together.

{¶ 12} We review a trial court's decision concerning a discovery issue under an abuse-of-discretion standard. *Ward v. Summa Health Sys.*, 2010-Ohio-6275, ¶ 13. An abuse of discretion is "a court exercising its judgment, in an unwarranted

way, in regard to a matter it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 13} Civ.R. 26(B)(7) governs the disclosure of expert witness testimony, and subsection (c) states, in part, that

> a party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. The report of an expert must disclose a complete statement of all opinions and the bases and reasons for them as to each matter on which the expert will testify. It must also state the compensation for the expert's study or testimony.

{¶ 14} On appeal, Miles argues that "neither of Dr. Pinar's two [expert] reports in this case disclosed any compensation information." Miles concedes that the fee schedule was provided but argues that this "is not a substitute for compliance with Civ.R. 26(B)(7)(c)."

{¶ 15} Our review of the record shows that Dr. Pinar's fee schedule was disclosed and filed along with his expert report on June 17, 2024. The fact that it was not in his report but rather was attached to his report is inconsequential. Furthermore, even if we determined this to be contrary to Civ.R. 26(B)(7)(c), the rule explicitly states that, in the event of noncompliance, "the party may not call an expert witness to testify." The rule does not state "a party does not have to pay the expert witness fee" in the event of noncompliance. In any event, Dr. Pinar did not testify at this trial, so this distinction is irrelevant.

{¶ 16} Miles next argues that "Civ.R. 26(B)(7)(c) permits reimbursement for expert time only to the extent that the fee is reasonable . . . ." However, our review

of Civ.R. 26(B)(7)(c) shows that it does not state this. In fact, this section of the rule does not include the words "reimbursement," "fee" or "reasonable." It mentions "compensation" for experts only to the extent that it must be disclosed.

{¶ 17} Miles further argues that "Ohio courts require a fact-based inquiry into that reasonableness." Miles cites *Vance v. Marion Gen. Hosp., Inc.,* 2006-Ohio-146, ¶ 15 (3d Dist.) to support this argument. Our review of *Vance* shows that the case does not determine, or even mention, that a "fact-based inquiry" is required to establish reasonableness.

{¶ 18} Former Civ.R. 26(B)(4)(c), which is cited in *Vance*, states that the "court may require that the party seeking discovery under subdivision (B)(4) . . . pay the expert a reasonable fee for time spent in responding to discovery . . . ." However, *Vance* is based on a former section of Civ.R. 26 that no longer exists and did not exist when Miles litigated her case against Dr. Wallen. Therefore, *Vance* does not apply to this case.

{¶ 19} Accordingly, we find that the law Miles cited in her appellate brief to support this argument is inapposite.

{¶ 20} Our review of the current version of Civ.R. 26(B)(7) shows that the only mention of a "reasonable fee" for expert witnesses applies to experts employed only for trial preparation. Civ.R. 26(B)(7)(h)(iii) states as follows: "The party seeking discovery under division (B)(7) of this rule shall pay the expert a reasonable fee for time spent in deposition." Again, we reiterate that this requirement appears to apply only to experts employed for trial preparation, rather than experts who are

expected to testify. Because Dr. Pinar was identified as a testifying expert witness during discovery, Civ.R. 26(B)(7)(h)(iii) does not apply to this case.

{¶ 21} It is apparent from the record that Miles' attorneys knew Dr. Pinar charged a flat $3,500 fee for a deposition before they deposed him. Dr. Pinar's fee schedule was disclosed to Miles' attorneys months before his deposition. Furthermore, Dr. Pinar was questioned about his fee for depositions during the deposition itself. Dr. Pinar testified that his fee schedule had recently changed to $2,500 for the first two hours and $500 per hour for each additional hour, but for this case it "was a set fee, which — you know, even a short deposition was $3,500 . . . ."

{¶ 22} We find that on December 20, 2024, Dr. Pinar sent an invoice to Dr. Wallen's attorneys for $3,500.00 for his deposition in this case. On January 13, 2025, Dr. Wallen's attorneys forwarded this invoice to Miles' attorneys, requesting that they "remit payment to Dr. Pinar as soon as possible." On March 20, 2025, Dr. Wallen's attorneys sent an email to Miles' attorneys, stating as follows: "We have been advised by Dr. Pinar that you did not pay him the full amount for his deposition fee, but that you paid him $500.00. Please remit the balance of $3,000.00 to Dr. Pinar as soon as possible." On August 12, 2025, Dr. Wallen filed a motion to compel payment of expert deposition fees, which the court granted on September 30, 2025.

{¶ 23} There is no evidence in the record that Miles challenged the reasonableness of Dr. Pinar's deposition fee prior to taking his deposition. According to the record, the first time Miles raised this issue was in her brief in

opposition to Dr. Wallen's motion to compel payment. Furthermore, Miles offered no evidence, other than self-serving opinions, that Dr. Pinar's deposition fee was unreasonable.

{¶ 24} In short, the court ordered Miles to pay Dr. Pinar what she implicitly agreed to pay him when she took his deposition. Miles fails to cite any law demonstrating that the fees were unreasonable and she fails to offer any evidence of unreasonableness. Therefore, Miles failed to establish that the court abused its discretion. Appellate courts "are not obliged to scour the record in search of evidence to support an appellant's assignment of error . . . . Nor is it our duty to search for law in support of an appellant's argument on appeal." *In re G.C.B.,* 2024-Ohio-74, ¶ 15 (8th Dist.).

{¶ 25} Accordingly, Miles' second and third assignments of error are overruled. In oral argument for this appeal, Dr. Wallen's counsel conceded that Dr. Pinar would accept $2,500 as payment in full for his deposition, to coincide with his modified fee schedule. This case is remanded to the trial court to issue a journal entry ordering Miles to pay Dr. Pinar the balance of $2,000 for his deposition fee.

{¶ 26} Judgment affirmed, and case remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR