[Cite as *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2023-Ohio-1079.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PHOENIX LIGHTING GROUP, LLC, et al.

    Appellee

    v.

GENLYTE THOMAS GROUP, LLC, et al.

    Appellant

C.A. No.     30303

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012 08 4444

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

---

STEVENSON, Judge.

{¶1} Appellant Genlyte Thomas Group, LLC ("DCO") appeals the judgment of the Summit County Common Pleas Court awarding Appellee Phoenix Lighting Group, LLC ("Phoenix") attorney fees, expenses, a lodestar enhancement, and interest. This Court affirms the trial court's judgment.

I.

{¶2} Phoenix was an agency that sold Acuity Brand Lighting products. DCO was a manufacturer and a direct competitor of Acuity Brand Lighting products. Phoenix brought legal action against DCO after two of Phoenix's employees formed Intelligent Illumination, a sales agency that represented products manufactured by DCO. The initial action and counterclaim were dismissed, without prejudice. Phoenix later refiled its complaint against DCO. Phoenix's claims against DCO included causes of action for tortious interference with business relationships,

tortious interference with contractual relationships, misappropriation of trade secrets, unfair competition, civil conspiracy, and frivolous conduct.

{¶3} The jury returned a verdict in favor of Phoenix on its claims for tortious interference with business relationship, misappropriation of trade secrets, civil conspiracy, and breach of duty of loyalty. The jury awarded Phoenix compensatory and punitive damages, prejudgment interest, treble damages, and litigation costs and expenses. Because punitive damages were awarded, the trial court held a hearing on attorney fees.

{¶4} Following the attorney fee hearing, the trial court established a lodestar of $1,991,507.00. The trial court awarded an enhancement due to the complexity and length of the case, and the success achieved. With the enhancement, the trial court awarded $3,983,014.00 in attorney fees. The trial court also awarded prejudgment interest, court costs, and litigation expenses. Both parties appealed.

{¶5} This Court affirmed the verdict and compensatory damages award in *Phoenix Lighting Group, LLC, et al. v. Genlyte Thomas Group, LLC, et al.*, 9th Dist. Summit No. 28082, 2018-Ohio-2393 ("*Phoenix I*"). DCO's assignments of error were overruled in the initial appeal. This Court sustained Phoenix's cross-assignment of error and awarded Phoenix an additional $203,000.00 in punitive damages pursuant to R.C. 1333.63(B). With respect to attorney fees, and the lower court's lodestar enhancement, this Court determined that it could not "say that the trial court abused its discretion in applying a multiplier of two to the lodestar amount." *Phoenix I* at ¶ 71.

{¶6} DCO appealed to the Ohio Supreme Court. The Supreme Court accepted jurisdiction of DCO's appeal on the sole issue of the "enhancement to the lodestar." *Phoenix*

*Lighting Group, L.L.C., et al. v. Genlyte Thomas Group, L.L.C.*, 160 Ohio St.3d 32, 2020-Ohio-1056, at ¶ 2 (*"Phoenix II"*).

**{¶7}** The Supreme Court held that "there should have been no enhancement to the lodestar." *Phoenix II* at ¶ 28. The Supreme Court remanded the case with instructions to issue a final judgment granting Phoenix attorney fees in the amount of $1,991,507. *Phoenix II* at ¶ 28.

**{¶8}** Pursuant to the Supreme Court 's directive, the trial court awarded Phoenix $1,991,507.00 in attorney fees. The trial court's entry emphasized that the court was not addressing the issue of post-judgment fees at that time; that an oral hearing to address post-judgment attorney fees was set; and, that the issue of post-judgment attorney fees remained under advisement.

**{¶9}** The trial court subsequently granted Phoenix's motion for post-judgment attorney fees. DCO challenged the trial court's decision by filing a Writ of Prohibition and Mandamus with the Supreme Court. The Supreme Court dismissed DCO's Writ Action. *State ex rel. Genlyte Thomas Group, L.L.C. v. McCarty*, 160 Ohio St.3d 1450, 2020-Ohio-5166.

**{¶10}** The trial court heard evidence regarding the amount of post-judgment fees. The trial court awarded Phoenix post-judgment fees, including attorneys' fees of $1,079,716.00 (the lodestar amount); expenses of $61,680.00; enhancement of the lodestar in the amount of $421,604.00; attorneys' fees from December 2020 through February 4, 2021 of $89,714.00 plus interest at the prime rate of 3.25% per annum; and additional reasonable expenses related to the hearing totaling $23,939.91 plus interest at the prime rate of 3.25% per annum.

**{¶11}** DCO timely appealed, raising two assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FAILING TO ENTER THE JUDGMENT MANDATED BY THE OHIO SUPREME COURT (R. 775) AND HOLDING HEARINGS ON ADDITIONAL ATTORNEY FEES (R. 775, 792, 794).**

{¶12} DCO contends in its first assignment of error that, pursuant to the law of the case doctrine, the trial court failed to enter final judgment as the Supreme Court mandated. We disagree.

{¶13} "The law of the case doctrine provides that a decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *WESCO Machine Co. v. Brannon Design Build and Constr. Co. and Keller-Hall*, 9th Dist. Summit No. 12964, 1987 WL 14432, *2 (July 15, 1987), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The law of the case "doctrine functions to compel trial courts to follow the mandates of reviewing courts" and is necessary for consistency of result, the termination of litigation and to preserve the structure of the judiciary. *WESCO* at *2, citing *Nolan*, 11 Ohio St.3d at 3; *The State, ex rel. Potain, S.A. v. Mathews,* 59 Ohio St.2d 29, 32 (1979).

{¶14} Whether the trial court violated the law of the case and exceeded the Supreme Court's mandate presents a legal question. *Akron v. Holland Oil Co.*, 149 Ohio App.3d 14, 2002-Ohio-4150, ¶ 27 (9th Dist.). A de novo standard of review applies. *Id.*; *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 9.

{¶15} A trial court exceeds its jurisdiction when it review[s] a prior mandate of an appellate court. *Potain* at 32. A trial court "must" follow the mandate from an appellate court. *State ex rel. Sharif v. McDonnell*, 91 Ohio St.3d 46, 48 (2001), citing *Potain* at 32.

{¶16} In this case, the Supreme Court declined jurisdiction on all DCO's propositions of law except one, a challenge to the trial court's enhancement of pre-judgment attorney fees. In accordance with this Court's general remand in *Phoenix I,* all other awards remained within the trial court's jurisdiction.

{¶17} The Supreme Court eliminated the enhancement and affirmed the $1,991,507.00 lodestar amount in *Phoenix II*, 160 Ohio St.3d 32, 2020-Ohio-1056, at ¶ 28. The Supreme Court acknowledged this Court's opinion and reversed only "the portion of the court of appeals' judgment affirming the award of attorney fees[.]" *Phoenix II* at ¶ 28. The Supreme Court did not address separate awards that had already been affirmed and remanded nor did it address post-judgment fees and expenses as those issues had not yet arisen. The trial court accordingly amended its December 16, 2015, entry and awarded Phoenix attorney fees in the amount of $1,991.507.00. The trial court found the issue of post-judgment attorney fees remained under advisement.

{¶18} A trial court has jurisdiction to "consider and decide any matters left open" by the reviewing court and "its decision of such matters can be reviewed by a new appeal only." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 101 (1995), quoting *In re Sanford Fork & Tool Co. Co.*, 160 U.S. 247, 255-256 (1895). Thus, the issue of Phoenix's post-judgment attorney fees and expenses remained an open issue that the trial court had jurisdiction to address.

{¶19} The trial court did not exceed or review the Supreme Court's mandate when it addressed Phoenix's request for post-judgment attorney fees and expenses. Phoenix's motion for post-judgment attorney fees was filed after the Supreme Court's remand. Therefore, the award of post-judgment attorney fees and expenses was an open issue for the trial court to consider. *Heck* at 101; *Fritzgerald v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 104492, 2017-Ohio-7086, ¶ 25; *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16. *See also*

*Ulrich v. Mercedes-Benz USA, LLC*, 9th Dist. Summit No. 25929, 2012-Ohio-1623, ¶ 10 (recognizing that "appellate fees are divorced from the fees incurred at the trial level and an aggrieved party may obtain them either from the appellate court itself or from the trial court.")

{¶20} DOC's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY AWARDING THE FULL "POST-JUDGMENT" ATTORNEY FEES LODESTAR PHOENIX SOUGHT AND ENHANCING THAT LODESTAR (R. 805).**

{¶21} DOC argues in its second assignment of error that the trial court erred by awarding the full post-judgment attorney fees lodestar Phoenix sought and enhancing that lodestar. We disagree.

{¶22} A trial court's award of attorney fees is reviewed for an abuse of discretion. *Bittner v. Tri-County. Toyota*, 58 Ohio St.3d at 143, 146 (1991). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When reviewing for an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶23} As recognized by the Supreme Court of Ohio, "the starting point for determining attorney fees is the lodestar[.]" *Phoenix II*, 160 Ohio St.3d 32, 2020-Ohio-1056, at ¶ 10. The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Phoenix II* at ¶ 10, citing *Bittner* at 145, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

{¶24} "'A reasonable hourly rate is the prevailing market rate in the relevant community, given the complexity of the issues and the experiences of the attorney * * *.'" (Internal citations

omitted.) *Phoenix II* at ¶ 11, quoting *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, ¶ 4. The "prevailing market rate" can "'often be calculated based on a firm's normal billing rate because, in most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate.'" *Phoenix II* at ¶ 11, quoting *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir.1993).

**{¶25}** Lodestar is "an 'initial estimate' of a reasonable fee." *Phoenix II* at ¶ 16. The court may modify lodestar "'where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation.'" *Phoenix II* at ¶ 17, quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554-555 (2010).

**{¶26}** While Prof.Cond.R. 1.5(a) factors may warrant a lodestar modification, an enhancement may also be justified "when an attorney produces objective and specific evidence that an enhancement of the lodestar is necessary to account for a factor not already subsumed in the lodestar calculation." *Phoenix II* at ¶ 19.

**{¶27}** A party seeking a lodestar enhancement "bears the burden of presenting evidence to establish that an adjustment is appropriate based on a factor not already subsumed within the lodestar." *Phoenix II* at ¶ 20. "A trial court has discretion to modify the presumptive calculation of an attorney-fee award – the reasonable hourly rate multiplied by the number of hours worked – but any modification must be accompanied by a rationale justifying the modification." *Phoenix II* at ¶ 20.

**{¶28}** The trial court found that Phoenix was entitled to post-judgment fees under R.C. 1333.63(B). An oral hearing on the amount of post-judgment fees was held and the trial court was presented with testimony and evidence, including expert testimony, as to the amount of post-

judgment fees and expenses reasonably incurred by Phoenix. The fees and expenses Phoenix sought were limited to those post-judgment attorney fees incurred in defense of Phoenix's judgment in this Court and up through the filing of the memorandum in response to jurisdiction with the Supreme Court. The court awarded Phoenix the lodestar amount of post-judgment attorney fees, an enhancement to the lodestar, expenses, and interest.

{¶29} DOC argues that the trial court erred when it failed to limit awarded fees on Phoenix's Ohio Uniform Trade Secrets Act ("OUTSA") claim. DOC maintains that Phoenix breached the duty to maintain billing records in a manner that would enable the court to parse and identify distinct claims. It is DCO's position that, because the court was not able to separate and distinguish claims under Phoenix's "block billing" method, the trial court should have made an across-the-board cut to the requested fees.

{¶30} First, there was no expert testimony to establish that Phoenix's billing records could easily be parsed or separated. Second, the trial court determined that Phoenix's attorneys' post-judgment work all stemmed from the same core of operative facts and was intrinsically entwined with the OUTSA matters.

{¶31} Based upon these two points, we cannot say that the trial court abused its discretion in awarding the full lodestar post-judgment attorney fees Phoenix sought. As required under the lodestar method, the trial court calculated the number of post-judgment hours reasonably expended multiplied by a reasonable hourly rate. *See Bittner*, 58 Ohio St.3d at 145. With respect to the amount of post-judgment hours, the trial court considered the work that Phoenix's counsel performed on the successful cross-appeal as well as in recovering counsels' fees. The court acknowledged that calculation of the lodestar required it to exclude any hours that were unreasonably expended, e.g., hours that were redundant, unnecessary, or excessive in relation to

the work performed. *Gibney v. Toledo Bd. of Edn.*,73 Ohio App.3d 99, 108 (6th Dist.1991), citing *Hensley*, 461 U.S. at 434.

**{¶32}** In determining whether to award an enhancement to the lodestar, the trial court noted the substantial amount of time that had passed since the 2014 judgment and the seven years of appellate work. The court noted expert testimony as to the concept of time value of money as well as prime rate and market analyses. The court reviewed the evidence and determined that the market data analysis was an appropriate model to account for the time value of money since 2014 and it awarded $421,604.00 as an enhancement to the lodestar amount of attorney fees. The trial court reviewed and considered all of the presented testimony and evidence when determining its lodestar and enhancement calculations.

**{¶33}** We cannot say that the trial court abused its discretion in awarding the full post-judgment attorney fees, the lodestar, and an enhancement to the lodestar. DCO's second assignment of error is overruled.

### III.

**{¶34}** For the reasons stated above, DCO's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

BRUCE J.L. LOWE and JULIE A. CROCKER, Attorneys at Law, for Appellant.

BENJAMIN C. SASSE and ELIZABETH C. ARKO, Attorneys at Law, for Appellant

JEFFREY T. WITSCHEY and BETSY L. B. HARTSCHUH, Attorneys at Law, for Appellee.