[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, Slip Opinion No. 2024-Ohio-5729.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5729

PHOENIX LIGHTING GROUP, L.L.C., APPELLEE, ET AL. *v.* GENLYTE THOMAS GROUP, L.L.C., APPELLANT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, Slip Opinion No. 2024-Ohio-5729.]

*Tort—Postjudgment attorney fees—Attorney-fee issue was settled by this court's mandate in prior appeal—Trial court erred in considering and granting motion for postjudgment attorney fees and expenses—Judgment reversed and cause remanded to trial court with instructions.*

(No. 2023-0631—Submitted January 9, 2024—Decided December 10, 2024.)

APPEAL from the Court of Appeals for Summit County,

No. 30303, 2023-Ohio-1079.

_____

FISCHER, J., authored the opinion of the court, which DONNELLY, STEWART, and BRUNNER, JJ., joined. KENNEDY, C.J., concurred in judgment only, with an opinion joined by DEWINE and DETERS, JJ.

**FISCHER, J.**

{¶ 1} We accepted this discretionary appeal filed by appellant, Genlyte Thomas Group, L.L.C., a.k.a. Day-Brite, Capri, Omega ("DCO"), to determine whether appellee, Phoenix Lighting Group, L.L.C., ("Phoenix") was precluded from pursuing postjudgment attorney fees and expenses following a decision by this court reversing "the portion of the court of appeals' judgment affirming the award of attorney fees" and remanding "the cause to the trial court with instructions to issue a final judgment granting Phoenix attorney fees in the amount of $1,991,507," *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 28. We conclude that the attorney-fee issue was settled by our mandate in that case and that the trial court erred in considering and granting Phoenix's motion for postjudgment attorney fees and expenses. We therefore reverse the Ninth District Court of Appeals' judgment, which upheld the trial court's award of postjudgment attorney fees and expenses, and we remand the cause to the trial court with instructions to vacate its award of postjudgment attorney fees and expenses and to enter final judgment.

## I. BACKGROUND

### A. *Phoenix is awarded punitive damages and attorney fees against DCO*

{¶ 2} Phoenix sued DCO and obtained a jury verdict against it on Phoenix's claims for tortious interference with a business relationship, misappropriation of trade secrets, and civil conspiracy to commit (1) tortious interference with a business relationship, (2) tortious interference with a contractual relationship, (3) misappropriation of trade secrets, and (4) breach of duty of loyalty, good faith, and trust. *See Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group*, *L.L.C.*, Summit C.P. No. CV2012084444, 2014 WL 12899298, at *1 (Sept. 29, 2014). In addition to awarding Phoenix compensatory damages, the jury awarded Phoenix punitive damages against DCO and reasonable attorney fees. *See id.*

**{¶ 3}** The trial court recognized that the punitive-damages award returned by the jury excluded the misappropriation-of-trade-secrets claim, and it awarded additional punitive damages on that claim. *See id.* at *1-2. The trial court awarded Phoenix attorney fees based on a lodestar figure of $1,991,507 and enhanced the award by a multiplier of two. *See id.* at *2-3.

*B. The Ninth District affirmed in part and reversed in part the judgment and remanded the cause to the trial court*

**{¶ 4}** Both parties appealed to the Ninth District Court of Appeals. *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2018-Ohio-2393 (9th Dist.) ("*Phoenix I*"). DCO raised seven assignments of error, challenging the trial court's exclusion of certain evidence and its failure to conclude as a matter of law that Phoenix had caused its own losses, the sufficiency and manifest weight of the evidence to support the jury verdict, the amount of the compensatory- and punitive-damages awards, and the enhancement of the attorney-fee award. Phoenix, in its response brief, argued that the appellate court should affirm the jury awards and remand the case to the trial court for it to determine the amount of reasonable attorney fees that Phoenix incurred in defending its awards on appeal. Phoenix argued that postjudgment attorney fees should be recoverable because it had a statutory right to those fees under R.C. 1333.64(C), which is part of Ohio's Uniform Trade Secrets Act, and it requested that the court remand the case for a determination of those fees.

**{¶ 5}** Phoenix also cross-appealed and raised two assignments of error, challenging the trial court's interpretation and application of the statutory punitive-damages cap. Phoenix again argued that the matter should be remanded to award additional punitive damages and reassess attorney fees to account for the fees it incurred defending the jury verdict. DCO did not respond to Phoenix's assertion that the matter should be remanded for an award of postjudgment attorney fees.

**{¶ 6}** The Ninth District overruled all of DCO's assignments of error and one of Phoenix's assignments of error. However, the Ninth District determined that the trial court had erred by erroneously applying the punitive-damages cap in R.C. 2315.21(D), which applies to general tort claims, to Phoenix's claim for conspiracy to maliciously misappropriate trade secrets; instead, the Ninth District held, the trial court should have applied the cap in R.C. 1333.63(B), part of Ohio's Uniform Trade Secrets Act. *Phoenix I* at ¶ 79-82 (9th Dist.). Thus, the Ninth District reversed the trial court's judgment as it pertained to the punitive-damages cap for the claim of civil conspiracy to misappropriate trade secrets and remanded the matter for the trial court to apply R.C. 1333.63(B). *Id*. at ¶ 83. The Ninth District did not specifically address Phoenix's argument that the trial court should reassess the attorney-fee award, but it stated, "[T]he judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion." *Id.* at ¶ 84.

*C. This court accepted jurisdiction over only DCO's proposition of law challenging the enhancement of the attorney-fee award*

**{¶ 7}** DCO appealed to this court and raised three propositions of law, challenging the trial court's exclusion of evidence (proposition of law No. 1), the compensatory-damages award concerning the conspiracy-to-commit-tortious-interference-with-a-business-relationship claim and the conspiracy-to-misappropriate-trade-secrets claim (proposition of law No. 2), and the trial court's enhancement of the attorney-fee award (proposition of law No. 3). We accepted only DCO's third proposition of law and considered the circumstances that warrant enhancement to the lodestar. *See Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C*., 2020-Ohio-1056, ¶ 2 ("*Phoenix II*"); 2018-Ohio-4092.

**{¶ 8}** DCO argued that the enhancement of the attorney-fee award was arbitrary and that we should vacate the award and remand the case for an entry of a final judgment with attorney fees in the amount of the lodestar—$1,991,507.

4

Phoenix argued that the trial court had not erred and requested that we affirm the court of appeals' judgment and remand the matter to the trial court to determine reasonable attorney fees for Phoenix's postjudgment efforts defending its awards on appeal. DCO did not address Phoenix's assertion that the matter should be remanded to address postjudgment attorney fees.

**{¶ 9}** In resolving the jurisdictional appeal, we recognized that the Ninth District had made several determinations in resolving DCO's and Phoenix's appeals, including its determination that the trial court had erred by applying the wrong statute to the punitive-damages award for the conspiracy-to-misappropriate-trade-secrets claim. *Phoenix II* at ¶ 7. Nevertheless, we addressed the portion of the court of appeals' opinion dealing with the attorney fees awarded to Phoenix based on the enhancement of the lodestar—"'"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,"' " *id.* at ¶ 10, quoting *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145 (1991), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), despite knowing that there could be additional attorney hours expended at the trial-court level due to the Ninth District's remand on the punitive-damages award for the conspiracy claim.

**{¶ 10}** We noted that the jury had awarded Phoenix attorney fees based solely on the punitive-damages award and not on the violation of Ohio's Uniform Trade Secrets Act, R.C. 1333.61 et seq. *Id.* at ¶ 25. And in reviewing the record, we concluded that "Phoenix's attorneys were reasonably compensated based on the Prof.Cond.R. 1.5(a) factors, so there should have been no enhancement to the lodestar." *Id.* at ¶ 28. Thus, we determined that the trial court had erred in enhancing the lodestar and therefore reversed the portion of the court of appeals' judgment affirming the award of attorney fees and remanded the cause to the trial court with instructions to issue a final judgment granting Phoenix attorney fees in the amount of $1,991,507. *Id.*

**{¶ 11}** Neither party moved for reconsideration of our decision.

*D. On remand, the trial court awarded Phoenix postjudgment attorney fees*

**{¶ 12}** After we released our decision in *Phoenix II*, Phoenix moved the trial court for postjudgment attorney fees, costs, and expenses it had incurred in defending its awards against DCO's postjudgment motions and appeals and in its successful prosecution of a cross-appeal to achieve an additional punitive-damages award for conspiracy to misappropriate trade secrets under R.C. 1333.63(B). Phoenix argued that this court had affirmed the $1,991,507 prejudgment-attorney-fee award representing the lodestar amount and that under R.C. 1333.64(C), it was now entitled to postjudgment attorney fees and expenses that it incurred in the trial court and in the appellate courts after the date of the final judgment entry. Phoenix acknowledged that this court had instructed the trial court to "issue a final judgment granting Phoenix attorney fees in the amount of $1,991,507," *Phoenix II*, 2020-Ohio-1056, at ¶ 28. But, Phoenix argued, this court's decision applied only to prejudgment attorney fees because this court (1) had accepted jurisdiction over only the proposition of law addressing the enhancement to those fees and (2) did not disturb the court of appeals' decision on the on the other issues or its remand of the case for further consideration.

**{¶ 13}** DCO opposed the motion and argued that this court's instruction to the trial court in *Phoenix II* to issue a "final judgment" demonstrated this court's rejection of Phoenix's explicit request for a broader remand that would have allowed the trial court to consider postjudgment attorney fees and expenses. DCO maintained that Phoenix had not pursued attorney fees under Ohio's Uniform Trade Secrets Act and that under the law-of-the-case doctrine, the trial court was prohibited from extending or varying the mandate given by a superior court. DCO noted again that Phoenix had asked this court to remand the matter for consideration of additional attorney fees but that this court had declined to do so.

**{¶ 14}** Phoenix maintained that the law-of-the-case doctrine did not prevent it from being awarded postjudgment attorney fees, because in *Phoenix II*, this court

had had jurisdiction over only the prejudgment-attorney-fee award. While Phoenix acknowledged that it had concluded its merit brief in *Phoenix II* with a request for a remand to the trial court to consider awarding postjudgment attorney fees, it argued that that request pertained to a matter outside this court's jurisdiction and that it had been an unnecessary request because the portions of the appellate court's judgment that were not addressed by this court in *Phoenix II* already gave jurisdiction over postjudgment attorney fees to the trial court.

{¶ 15} After a hearing, the trial court determined that it had jurisdiction to decide the issue on postjudgment attorney fees and that such an award would not be inconsistent with this court's decision in *Phoenix II*, given that that case was limited to a single issue concerning prejudgment attorney fees. The trial court concluded that Phoenix was not precluded from seeking an award of appellate attorney fees under R.C. 1333.63(B), because the statute does not contain a time limitation or a requirement that a request for attorney fees be made during the trial in order to be recovered. The trial court found that Phoenix was entitled to recover all its attorney fees and expenses as submitted regarding postjudgment matters, totaling $1,079,716 in attorney fees and $61,680 in expenses. The court also awarded an enhancement to the lodestar totaling $421,604 to account for the time value of money.

*E. The Ninth District affirmed Phoenix's award of postjudgment attorney fees*

{¶ 16} DCO appealed to the Ninth District, arguing that the trial court erred in failing to enter the judgment mandated by this court in *Phoenix II* and in awarding additional attorney fees and expenses. The Ninth District affirmed the judgment of the trial court, noting that in *Phoenix II* this court had accepted jurisdiction over only the proposition of law concerning the enhancement of the attorney-fee award and had declined jurisdiction over DCO's other propositions of law. 2023-Ohio-1079, ¶ 16 (9th Dist.) ("*Phoenix III*"). The Ninth District also noted that this court, in *Phoenix II*, had reversed only "'the portion of the court of

appeals' judgment affirming the award of attorney fees' " and did not address the separate awards that had already been affirmed, the remand order, or the postjudgment attorney fees and expenses. *Phoenix III* at ¶ 17 (9th Dist.), quoting *Phoenix II*, 2020-Ohio-1056, at ¶ 28.

**{¶ 17}** Thus, the Ninth District concluded (1) that the trial court had had jurisdiction to consider and decide any matters left open by the reviewing courts, which included postjudgment attorney fees and expenses, and (2) that the trial court had not exceeded this court's remand order, because the motion for postjudgment attorney fees was filed after the remand in *Phoenix II* and thus had been an open issue for the trial court to decide. *Id.* at ¶ 18-19. The Ninth District also determined that the trial court had not abused its discretion in awarding the full amount requested for postjudgment attorney fees and expenses and an enhancement to the lodestar amount to account for the time value of money. *Id.* at ¶ 32-33.

*F. This court accepted DCO's jurisdictional appeal*

**{¶ 18}** DCO appealed to this court, and we accepted jurisdiction over its proposition of law:

> A superior court mandate remanding with instructions to enter final judgment does not leave open post-trial and appellate attorney fees and expenses, so a trial court may not alter the judgment that it was instructed to enter to add these fees and expenses. (*Cruz v. English Nanny & Governess Sch[ool]*, [169] Ohio St.3d [716], 2022-Ohio-3586, ¶ 15, n. 3, clarified; *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), followed.)

*See* 2023-Ohio-2600.

## II.  LAW AND ANALYSIS

{¶ 19} This case comes down to whether the trial court exceeded the scope of its authority when it considered Phoenix's postjudgment motion for attorney fees and expenses after we issued our decision in *Phoenix II* instructing the trial court to "issue a final judgment" on the issue of attorney fees, *Phoenix II*, 2020-Ohio-1056, at ¶ 28.  We hold that the trial court exceeded its authority, and we therefore reverse the court of appeals' judgment, remand the cause to the trial court with instructions to vacate its award of postjudgment attorney fees and expenses and to enter final judgment.

{¶ 20} A trial court's jurisdiction over a matter is limited once proceedings are complete.  *See State ex rel. Davis v. Janas*, 2020-Ohio-1462, ¶ 11.  When a judgment is reversed or affirmed on appeal, however, the appellate court will issue a special mandate to the trial court for execution or for further proceedings.  R.C. 2505.39.  The trial court is bound by that appellate court's mandate.  *Nolan v. Nolan*, 11 Ohio St.3d 1, syllabus (1984) ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."); *see Transamerica* at 323-324 (trial court was obligated to comply with the court of appeals' mandate to enter judgment for the insurers and the trial court's failure to immediately comply with the mandate did not keep the case alive to allow for further arguments based on subsequent decisions by the Ohio Supreme Court); *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) ("When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate.").  A trial court is without authority to extend or vary the mandate given.  *Nolan* at 4; *Giancola v. Azem*, 2018-Ohio-1694, ¶ 16.  And the trial court generally loses jurisdiction to modify its judgment once

that judgment has been affirmed on appeal. *See State ex rel. Davis* at ¶ 11. Determining whether a trial court has followed a superior court's mandate is a jurisdictional question, which this court reviews de novo, *see Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 11 (an issue regarding a trial court's subject-matter jurisdiction is reviewed de novo).

**{¶ 21}** In this case, there were two superior-court orders: (1) the Ninth District's decision in *Phoenix I*, reversing the trial court's judgment as it pertained to the punitive-damages cap for the claim of civil conspiracy to misappropriate trade secrets and remanding the matter for the trial court to apply R.C. 1333.63, but stating, "[T]his matter is remanded for further proceedings consistent with this opinion," *Phoenix I*, 2018-Ohio-2393, at ¶ 83-84 (9th Dist.), and (2) this court's decision in *Phoenix II*, reversing the portion of the court of appeals' judgment that affirmed the enhancement of the attorney-fee award and remanding the cause to the trial court with instructions to enter final judgment on the attorney-fee-award issue, *Phoenix II* at ¶ 28. DCO argues that the trial court had no jurisdiction to enter an award for postjudgment attorney fees and expenses because it had a limited remand order to enter judgment for prejudgment attorney fees only. Phoenix argues that the trial court had jurisdiction to enter an award for postjudgment attorney fees because (1) the court of appeals' remand order required the trial court to award additional punitive damages for conspiracy to misappropriate trade secrets, (2) R.C. 1333.64(C) does not limit the time frame in which a prevailing party may seek attorney fees incurred in pursuing such a claim, and (3) this court's remand order was limited to prejudgment attorney fees. Based on the history of this case, we agree with DCO.

**{¶ 22}** The mandates issued by this court and by the Ninth District foreclosed any opportunity for Phoenix to seek an additional attorney-fee award. The Ninth District, in *Phoenix I*, rejected all the arguments raised by the parties except Phoenix's challenge to the punitive-damages award for the conspiracy-to-

misappropriate-trade-secrets claim. It remanded the case for the trial court to recalculate the punitive damages awarded for the conspiracy-to-misappropriate-trade-secrets claim, and it permitted the trial court to engage in "further proceedings" consistent with its opinion. *Phoenix I* at ¶ 83-84. But even after we acknowledged, in *Phoenix II*, that the Ninth District's remand order required the trial court to address the punitive-damages award for the conspiracy-to-misappropriate-trade-secrets claim, *Phoenix II*, 2020-Ohio-1056, at ¶ 7, which was an issue that may have led to an additional attorney-fee award under R.C. 1333.64(C), we nevertheless looked at the *entire* attorney-fee award and determined that enhancement of that award was inappropriate, *id.* at ¶ 28. After review, we instructed the trial court to enter final judgment on the attorney-fee award without the enhancement. Therefore, based on our remand order, the trial court was limited to deciding the punitive-damages issue and then entering final judgment on the attorney-fee issue.

{¶ 23} This conclusion is supported by the plain language of our decision in *Phoenix II* and this court's and the Ninth District's rejection of Phoenix's requests to remand for an additional attorney-fee award. The Ninth District's remand order in *Phoenix I* did not instruct the trial court to consider a postjudgment-attorney-fee award, despite Phoenix's having asked for such an instruction in its merit brief. One could argue that the Ninth District's remand in *Phoenix I* instructing the trial court to adjust the punitive-damages award for the claim for conspiracy to misappropriate trade secrets and to engage in "further proceedings consistent with" its opinion, *Phoenix I* at ¶ 83-84, left the door open for the trial court to consider whether Phoenix was entitled to an additional award for postjudgment attorney fees, *see State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2023-Ohio-3382, ¶ 21. But we barred that opportunity in *Phoenix II*, when we decided the attorney-fee issue in its entirety and instructed the trial court to enter final judgment on attorney fees. *See State ex rel. Potain v. Mathews*, 59 Ohio St.2d

29, 32 (1979) (a trial court has no discretion to disregard the mandate of a court of appeals in a prior appeal in the same case unless the court of appeals' decision is inconsistent with an intervening decision by this court). Moreover, in deciding that case, we too declined Phoenix's request that we remand the cause for the trial court to address postjudgment attorney fees. *See State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 1994-Ohio-92, ¶ 23 (a motion is presumed denied when a court fails to rule on it).

{¶ 24} Phoenix argues that it was permitted to seek postjudgment appellate attorney fees under R.C. 1333.64(C) consistent with our decision in *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586. In *Cruz*, this court determined that a trial court that had decided a prejudgment-attorney-fee award on remand had had the authority under common law to award attorney fees for postjudgment work that had been completed during the first appeal, because "the court of appeals' mandate . . . did not prohibit [the plaintiffs] from filing an updated motion regarding attorney fees that they had subsequently incurred defending their judgment on appeal." *Cruz* at ¶ 15, fn. 3. *Cruz* is inapplicable here because even if Phoenix could have been entitled to appellate attorney fees, as discussed earlier, the appellate court and this court rejected Phoenix's motions for appellate attorney fees.

{¶ 25} Reviewing the record and our decision in *Phoenix II*, we realize that it could be argued that in *Phoenix II* we may have misunderstood the scope of the trial court's attorney-fee award and, thus, the possible impact that our remand order would have on attorney fees. We stated that attorney fees had not been awarded to Phoenix under Ohio's Uniform Trade Secrets Act, *Phoenix II*, 2020-Ohio-1056, at ¶ 25. But that statement was based solely on the jury's interrogatories. And the record shows that the jury awarded punitive damages on all the general tort claims and that the trial court awarded punitive damages on the claims brought under the Ohio's Uniform Trade Secrets Act. But even if we incorrectly believed that the Ninth District's order to the trial court on remand to alter the punitive-damages

award would have no effect on the attorney-fees award, it is now the law of the case. *Nolan*, 11 Ohio St.3d at 3 (a decision of this court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case). If Phoenix believed that it was entitled to postjudgment attorney fees, as it argued before the Ninth District in *Phoenix I* and before this court in *Phoenix II*, then it could have moved for reconsideration of this court's decision in *Phoenix II* under S.Ct.Prac.R. 18.02. Because Phoenix failed to move for reconsideration, our decision in *Phoenix II* is the law of the case, and that decision precluded the trial court from awarding postjudgment attorney fees on remand, given that in that decision, we reviewed the *entire* attorney fee award and ordered the trial the court to enter final judgment. *See State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 20-23 (a trial court has general authority to award appellate attorney fees in certain circumstances, as recognized in *Cruz*, but an appellate court's mandate to a trial court instructing it to issue a nunc pro tunc entry did not establish jurisdiction for the common pleas court to conduct further proceedings on appellate attorney fees).

{¶ 26} Thus, we conclude that based on the procedural posture of this case, the remand order from the Ninth District in *Phoenix I*, and our remand order in *Phoenix II*, the trial court exceeded its authority in considering Phoenix's motion for postjudgment attorney fees.

### III.  CONCLUSION

{¶ 27} We reverse the judgment of the Ninth District Court of Appeals and remand the cause to the Summit County Court of Common Pleas with instructions to vacate its award of postjudgment attorney fees and expenses and to enter final judgment.

Judgment reversed

and cause remanded to the trial court.

_____

**KENNEDY, C.J., joined by DEWINE and DETERS, JJ., concurring in judgment only.**

{¶ 28} I concur in the majority's judgment reversing the Ninth District Court of Appeals' judgment, which upheld the trial court's award of postjudgment attorney fees and expenses. I part ways with the majority, however, because it stops short of explicitly overruling *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586. Rather, it attempts to circumvent *Cruz* by stating that it is inapplicable here. Its failure to acknowledge or overrule it only further confuses an already confused area of our caselaw.

*The Majority's Flawed Opinion*

{¶ 29} The majority holds that appellee, Phoenix Lighting Group, L.L.C., is not entitled to appellate attorney fees in this case because our mandate in *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ("*Phoenix II*"), did not explicitly allow for appellate attorney fees. It does so without revisiting our holding in *Cruz* that "[w]hen parties are awarded punitive damages at trial, they may also recover reasonable attorney fees that they incur successfully defending their judgments on appeal," *Cruz* at ¶ 51. The problem is that the result the majority reaches today cannot comfortably coexist with our holding in *Cruz*.

{¶ 30} To understand why that is true, begin with the history of this case. In the trial court, Phoenix obtained a jury verdict against appellant herein, Genlyte Thomas Group, L.L.C., a.k.a. Day-Brite, Capri, Omega ("Genlyte"), that included an award of punitive damages. *See Phoenix II* at ¶ 1. Phoenix successfully defended that judgment on appeal. *Id.* Then, Genlyte appealed to this court. This court accepted jurisdiction over a sole proposition of law concerning enhancement to the lodestar. *Id.* at ¶ 8. Ultimately, this court reversed the Ninth District and ordered the trial court to reduce its award of trial-court attorney fees. *Id.* at ¶ 28.

14

**{¶ 31}** Upon return to the trial court, Phoenix sought to recover the attorney fees it incurred in defending its judgment on appeal. The trial court awarded Phoenix appellate attorney fees. Genlyte appealed that determination to the Ninth District, and that court upheld the award. 2023-Ohio-1079 (9th Dist.). Before that appeal was decided, this court issued its decision in *Cruz*, 2022-Ohio-3586, overturning decades of precedent and allowing a party who had successfully defended a judgment on appeal that included an award of punitive damages to recover appellate attorney fees.

**{¶ 32}** The majority reverses the Ninth District's judgment on the narrow grounds that our mandate in *Phoenix II* did not explicitly allow for an award of appellate attorney fees. Majority opinion, ¶ 26.

**{¶ 33}** At the outset, *Cruz* applies to this case. The majority incorrectly states that *Cruz* does not apply, because this court and the Ninth District denied Phoenix's motions for appellate attorney fees in the prior appeals in this case, majority opinion at ¶ 24. A review of this court's docket reveals that no motion for attorney fees was filed in the prior appeal in this case, *see* docket in case No. 2018-1076, and the majority admits that the Ninth District did not "specifically address" Phoenix's argument that that court should remand the case for the trial court to revisit the attorney-fee award. *Id.* at ¶ 6. If neither court denied an attorney-fees motion, then *Cruz*'s holding—that a litigant may recover appellate attorney fees anytime a reviewing court's mandate does not explicitly preclude them, *Cruz* at ¶ 15, fn. 3—applies. The majority attempts to skip over that problem by stating that failure to rule on a motion is a denial of that motion, majority opinion at ¶ 23, but *Cruz* allows litigants to make motions for appellate attorney fees in trial courts whenever a reviewing court does not expressly forbid them. Because no court denied Phoenix's request for attorney fees, this case stands on equal ground with *Cruz*. Therefore, if *Cruz* is good law, Phoenix is entitled to attorney fees.

**{¶ 34}** I now turn to the two problems with the majority's holding. First, if this court follows *Cruz*, our mandate in *Phoenix II* did not bar Phoenix from seeking to recover its appellate attorney fees. Before the court in *Cruz* could determine whether appellate attorney fees were available for defending a judgment on appeal, it had to address a preliminary issue—whether the trial court was allowed on remand to exceed the appellate court's mandate by awarding appellate attorney fees. *Cruz*, 2022-Ohio-3586, at ¶ 15, fn. 3. In *Cruz*, the majority essentially held, in a footnote, that a mandate that did not mention appellate attorney fees did not preclude a party from later asking for appellate attorney fees. *Id.* ("The court of appeals' mandate . . . did not prohibit Cruz and Kaiser from filing an updated motion regarding attorney fees that they had subsequently incurred defending their judgment on appeal."); *see also State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 29 (Kennedy, C.J., concurring in part and concurring in judgment in part) ("*Cruz* essentially held that on remand, a trial court may reopen a judgment and do anything the appellate court does not prohibit the trial court from doing."). Today the majority reaches the exact opposite conclusion, yet at the same time pretends that *Cruz* remains good law.

**{¶ 35}** Second, if a party is really entitled to attorney fees incurred in defending a judgment on appeal, how was Phoenix supposed to go about recovering its appellate attorney fees? The narrow issue before us in *Phoenix II*, 2020-Ohio-1056, concerned only the lodestar enhancement, not appellate attorney fees. So of course our mandate necessarily addressed only the issue this court accepted and did not say anything about appellate attorney fees. The majority suggests that in *Phoenix II*, Phoenix could have moved for reconsideration if it believed it was entitled to appellate attorney fees. Majority opinion at ¶ 25. But that is incorrect: this court uses its reconsideration authority under S.Ct.Prac.R. 18.02 "to correct decisions which, upon reflection, are deemed to have been made in error." *State ex rel. Huebner v. W. Jefferson Village Council*, 1996-Ohio-303, ¶ 8. Reconsideration

is not a vehicle to raise new issues, such as whether Phoenix was entitled to appellate attorney fees.

{¶ 36} The majority's opinion holds that appellate attorney fees are available to litigants on appeal in cases like this, but the majority leaves those litigants without any avenue for recovering such fees. Those concepts are diametrically opposed.

{¶ 37} Therefore, the majority opinion creates further confusion in our caselaw. This court's decision in *Cruz* that a trial court can exceed the appellate court's mandate is squarely in conflict with the court's holding today. This court's recent decision in *State ex rel. Mather* is also in conflict with *Cruz*. Litigants and lower courts will be left wondering which decision to follow. And "[w]hen the law is uncertain, there is no law." *State ex rel. Klein v. Precision Excavating & Grading Co.*, 2018-Ohio-3890, ¶ 89 (Kennedy, J., concurring in judgment only), citing *State ex rel. Rosett & Bicking v. Boring*, 15 Ohio 507, 516 (1846).

*This Court Should Overrule* Cruz

{¶ 38} The majority treats *Cruz* as good law but then avoids its implications in this case by reading our prior mandate narrowly and holding that the trial court acted outside of that mandate. The majority ignores that that holding is inconsistent with the above-mentioned fn. 3 holding in *Cruz* that on remand, a trial court may do anything the appellate court's mandate does not prohibit it from doing. There is a much easier—and more forthright—way to deal with this case. This Court should overrule *Cruz*.

{¶ 39} *Cruz* upended decades of precedent by allowing litigants to recover appellate attorney fees outside the limited circumstances provided by the General Assembly in R.C. 2323.51, the appellate-attorney-fees statute. *Cruz*, 2022-Ohio-3586, at ¶ 56, 59 (Kennedy, J., dissenting). Doing so flew in the face of the American rule—"the 'bedrock principle' of our adversarial system that each side

in litigation is responsible for the cost of their own attorney fees." *Id.* at ¶ 52, 69 (Kennedy, J., dissenting).

{¶ 40} An exception to the American rule allows "an award of attorney fees to the prevailing party as an element of compensatory damages when the jury finds that punitive damages are warranted." *Phoenix II*, 2020-Ohio-1056, at ¶ 9. The General Assembly recognized this exception in R.C. 2315.21. But in *Cruz*, this court judicially expanded the exception to allow a party who prevails on appeal from a judgment awarding punitive damages to recover *appellate* attorney fees. *See Cruz* at ¶ 76, 79 (Kennedy, J., dissenting). In doing so, this court turned a bedrock principle into clay. *Id.* at ¶ 52 (Kennedy, J., dissenting).

{¶ 41} The result is a "harsh dichotomy" that serves to deter defendants from exercising their right to challenge a judgment that they believe to be incorrect:

> [A] defendant who has a substantive right of first appeal that is chilled by the prospect of paying appellate-attorney fees for both sides and a plaintiff who can generate larger and larger awards with each appeal. This enlargement of the awarding of attorney fees to encompass the basic right of first appeal with nothing more than a punitive-damage award will certainly have a chilling effect. This is an affront to the American rule.

*Id.* at ¶ 84 (Kennedy, J., dissenting).

{¶ 42} The majority today correctly determines that a trial court may not proceed beyond an appellate court's explicit order absent extraordinary circumstances, majority opinion at ¶ 20, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984); *see also Cruz*, 2022-Ohio-3586, at ¶ 67 (Kennedy, J., dissenting). But the crux of the issue in this case is not the trial court's failure to act consistent with our mandate, it is that *Cruz* was wrongly decided.

**{¶ 43}** As Ohio's court of last resort, this court should issue opinions that provide clarity to Ohio law. But "[w]hat emerges [from this case] is a half-baked holding that leaves," *Panetti v. Quarterman*, 551 U.S. 930, 978 (2007) (Thomas, J., dissenting), Ohioans and lower courts guessing what the law is. We owe it to the courts and litigants of Ohio, who rely on our decisions, to "overrule bad precedent at the earliest opportunity to avoid reliance on it," *Klein*, 2018-Ohio-3890, at ¶ 52 (Kennedy, J., concurring in judgment only). *Cruz*, which is built on broken and inconsistent reasoning, is bad precedent. This court should take this opportunity to overrule it.

**{¶ 44}** Therefore, I concur in judgment only.

––––––––––––––––––

Witschey Witschey and Firestine Co., L.P.A., Jeffrey T. Witschey, and Betsy L.B. Hartschuh, for appellee.

Tucker Ellis, L.L.P., Benjamin C. Sassé, and Elisabeth C. Arko; and Taft Stettinius & Hollister, L.L.P., Bruce J.L. Lowe, and Julie A. Crocker, for appellant.

Flowers & Grube, Kendra Davitt, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

––––––––––––––––––